## (February 21, 1968)

■ EDWARD M. HILL, Individually and as Executor of MARTIN HILL, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 44494.) — REYNOLDS, J. Appeal by the State from an order of the Court of Claims denying its motion to vacate the decision and dismiss the claim or reduce the claim to an amount set forth in an agreement of adjustment. After conclusion of the trial and the rendering of a decision by the Court of Claims on January 9, 1967 granting an award to claimant of $4,000, the State produced an agreement of adjustment covering the claim involved which provided payment to the deceased claimant, Martin Hill, of the sum of $2,570, in full settlement of the claim. The agreement was dated December 6, 1963 and had been approved by the Comptroller on January 17, 1964. Closing papers allegedly had been sent by the State on January 17, 1964, but had not been returned. The State's attorney asserts in his affidavit that he was completely unaware of the agreement until after the decision, and, in fact, had been erroneously informed that no agreement of adjustment could be agreed upon. Claimant's executor, who was substituted as claimant after the death of Martin Hill, and his attorney also allege that they were

not aware that Martin Hill had executed the agreement. The trial court denied the State's motion on the sole ground that the State's failure to plead the agreement as an affirmative defense amounted to a waiver citing CPLR 3018 (subd. [b]). In *Terry Contr.* v. *State of New York* (27 A D 2d 499, 503) this court held that in view of rule 13 of the Court of Claims Rules it is not necessary for the State to plead an affirmative defense despite CPLR 3018 (subd. [b]). Accordingly, the trial court's reasoning for denial of the motion was not correct. Respondent, however, correctly points out that the time limitation of CPLR 4405 precludes granting a motion made by a party directed to CPLR 4404 (subd. [b]). Moreover, since no judgment had been entered upon the claim, the motion if made pursuant to CPLR 5015 was premature. Therefore, the instant order must be affirmed, without prejudice to the bringing of a motion pursuant to CPLR 5015 following entry of such judgment. Of course, we do not reach the merits of any such motion. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.